United States District Court
Southern District of New York

| | | |
|---|---|---|
| ANTONIO EDUARDO COLON, | ) | |
| | ) | |
| | ) | Case No: 24-CV-5381 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | AMENDED COMPLAINT |
| | ) | |
| | ) | |
| LORENZO PINA and GLOBAL TRADE | ) | |
| BRIDGE, CORP. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |

Plaintiff Antonio Colon ("Mr. Colon" or "Plaintiff"), through his attorneys, Brustein Law

PLLC, now complains against the named Defendants, and alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings various causes of action stemming from Defendants' breach of

    contract against Plaintiff, who had been working under the reliance that he and

    Defendant Lorenzo Pina ("Pina") operated and grew Defendant Global Trade Bridge,

    Corp. ("GTB") as partners sharing equally in both profits and losses resulting from

    doing business.

2.  Defendant Pina sold Defendant GTB to Grupo Rica ("Rica") without Plaintiff's

    knowledge or consent.

3.  Defendant Pina has not given Plaintiff any of the profits from the sale of shares of

    Defendant GTB to Rica.

## JURISDICTION AND VENUE

4.  This Court has proper jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331.

5.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(4), in that this is a civil action between Plaintiff, a foreign state as defined in 28 U.S.C. § 1603(a) (a citizen of the Dominican Republic) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Venue is properly established within this district under 28 U.S.C. § 1391, as venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

## PARTIES

7.    Plaintiff Antonio Colon ("Colon" or "Mr. Colon" or "Plaintiff") is a citizen of the Dominican Republic and is the former business partner of Defendant Pina.

8.    Defendant Pina is a natural person domiciled in New Jersey.

9.    Defendant GTB is registered in this District and is/was the business of Plaintiff and Defendant Pina.

10.    Defendant GTB is headquartered in this District.

11.    Defendant Pina and Defendant GTB are hereinafter referred to, collectively, as "Defendants."

## STATEMENT OF FACTS

12.    In 2006, Plaintiff entered into an oral partnership agreement with Defendant Pina regarding the formation and operation of Defendant GTB.

13.    Defendant GTB is a wholesale importer/exporter.

14.    Capital for initial investments into Defendant GTB originated from loans and profits that had been generated by previous joint ventures between Defendant Pina and Plaintiff. For the first few years of Defendant GTB's existence, it operated at a loss;

2

ninety percent (90%) of its revenue came from projects brought in and managed by Plaintiff.

15. During this time, Plaintiff and Defendant Pina shared equally in the profits and losses of Defendant GTB.

16. Plaintiff participated in making key decisions for Defendant GTB, such as transferring employees and making operational and financial decisions for Defendant GTB. For example, Plaintiff participated in the purchase of La Pulperia Digital by Defendant GTB and was instrumental in the creation of a consistent pricing structure across all products for the different markets and sales channels served by Defendant GTB.

17. Plaintiff registered Defendant GTB in the Dominican Republic, at Defendant Pina's insistence.

18. Plaintiff registered T2 Trading Corp. ("T2 Trading"), a company based in Panama, in both his and Defendant Pina's name. T2 Trading served as a platform for several businesses, including Defendant GTB. However, due to issues raised by Defendant Pina's U.S. citizenship, Defendant Pina asked that T2 Trading be registered in Plaintiff's name only. Even after T2 Trading was registered solely in Plaintiff's name, both Plaintiff and Defendant Pina continued to share in the profits and losses of T2 Trading.

19. Plaintiff and Defendant Pina formed another company together, Pineapple, to serve as a direct distribution unit for the retail branch of Defendant GTB.

20. Upon formation of Pineapple, Defendant Pina admitted to Plaintiff that the investment and funding for Pineapple came from Defendant GTB, part of the profits

of which can be attributed directly to Plaintiff's efforts. From its incorporation, Pineapple relied heavily on subsidies from Defendant GTB to cover operational costs, personnel requirements, and administrative and financial resources.

21.     With respect to Defendant GTB, over the past seventeen (17) years, Plaintiff has used the titles "CFO," "Administrative VP," "General Manager," "Vice President of International Business," and "Export Manager." Defendant Pina was aware that Plaintiff was using these titles and never expressed any opposition to the use of those titles.

22.     During the parties' partnership, Plaintiff had the authority to, and frequently did, enter into contracts with third parties, was involved in direct negotiations with Rica regarding the sale of Defendant GTB, and participated in hiring a financial consultant to assist both parties in the sale of Defendant GTB to Rica.

23.     Defendant Pina stated to third parties interested in purchasing Defendant GTB – including Rica, which eventually purchased Defendant GTB – that Defendant Pina and Plaintiff were partners. When Defendant Pina was asked whether he and Plaintiff were business partners, Defendant Pina stated that they were.

24.     Defendant Pina claimed that there is and was no business partnership agreement with Plaintiff and sold a percentage of Defendant GTB to Rica without Plaintiff's consent.

25.     The law firm for Defendant GTB's attorney, the Law Offices of Martin E. Restituyo, P.C., is located at 1345 6th Avenue, New York, New York.

26.     Martin E. Restituyo provided legal advice to Colon and Defendant Pina about their partnership in Defendant GTB. As such, Mr. Restituyo gained a comprehensive insight into Colon's personal finances.

27.     Mr. Restituyo continued on as Defendant GTB's attorney. Defendant GTB consulted

        with him regarding all legal matters.

28.     Mr. Restituyo commented and opined on the contract between Defendant GTB and

        Rica, whereby Rica bought a percentage of Defendant GTB.

29.     Mr. Restituyo aided Defendant GTB with a contract with La Pulperia Digital, a

        business selling Defendant GTB's products on E-Commerce platforms.

30.     On November 28, 2018, Defendant Pina emailed an organizational chart to Mr.

        Restituyo stating that Colon was the Vice President of International Business.

31.     Mr. Restituyo, who practices in this District, negotiated the contract between

        Defendant GTB and Rica to the exclusion of (and against) Mr. Colon.

## LEGAL CLAIMS

### FIRST COUNT

**Breach of Partnership Agreement**

32.     Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as

        if fully set forth herein.

33.     In 2006, Mr. Colon and Defendant Pina entered into a partnership agreement to share

        equally in the profits and losses of Defendant GTB.

34.     Over the next seventeen (17) years, Mr. Colon worked with Defendant Pina to grow

        Defendant GTB through various endeavors subsidized by loans and reinvested profits

        generated by other joint ventures between Mr. Colon and Defendant Pina.

35.     This relationship continued in joint ventures for Defendant GTB, including the

        registering of Defendant GTB in the Dominican Republic in both Mr. Colon's and

        Defendant Pina's name until issues arose regarding Defendant Pina's U.S. citizenship.

36. Mr. Colon handled all of the administrative and financial tasks in the Dominican Republic while he and Defendant Pina continued to share in the profits and losses incurred by Defendant GTB.

37. Mr. Colon was involved in the negotiations and for securing a financial consultant to assist both himself and Defendant Pina in the sale to Rica.

38. Defendant Pina sold sixty (60) percent of Defendant GTB to Rica, which was comprised of all of Mr. Colon's portion and the remainder from Defendant Pina's ownership stake.

39. Despite selling Mr. Colon's ownership stake, Defendant Pina and Defendant GTB are now refusing to pay Mr. Colon the proceeds of the sale.

40. This action by Defendant Pina resulted in cutting Mr. Colon out of the sale.

41. Defendant Pina owed a duty to Mr. Colon to keep his promise to uphold the equal share oral partnership.

42. Mr. Colon fulfilled his obligations under the contract.

43. By denying the existence of the equal share partnership, Defendant Pina has breached the oral agreement in the following particulars:

   a. Defendant Pina has refused to acknowledge the relationship with equal share both he and Mr. Colon exerted in supporting Defendant GTB with capital generated from loans and reinvested profits from their other joint ventures while incurring both losses and profits.

   b. Defendant Pina has refused to acknowledge that Mr. Colon's conduct in time and effort from 2006 to the present contributed to the growth of Defendant GTB and

other subset business through various titles as partner, including CFO, Administrative VP, General Manager, and Export Manager.

c.  Defendant Pina has failed to honor his own acknowledgement to the CEO, CFO, and VP of Marketing of Rica that Defendant Pina made it known that Mr. Colon was his partner.

44.  As a direct and proximate result of Defendant Pina's breach, Plaintiff suffered damages in the following particulars:

a.  Cut out of the sale of Defendant GTB at sixty (60) percent of shares.

b.  Cut out of profit from the sale.

WHEREFORE, Defendant Pina engaged in a breach of the oral agreement creating a partnership at will by refusing to acknowledge the seventeen (17) year relationship where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits associated with said business. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>SECOND COUNT</u>
Fraud

45.  Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

46.    Defendant Pina entered into an oral agreement for an equal share partnership with Mr. Colon in 2006.

47.    Since 2006, Mr. Colon has reasonably relied on the promise that relations with Defendant Pina were as equal share business partners in numerous endeavors for Defendant GTB and other joint ventures.

48.    In 2006, Defendant Pina fraudulently represented to Mr. Colon that he was an equal partner in Defendant GTB. Having assured Mr. Colon that he would be an equal partner in the business, Defendant Pina convinced Mr. Colon to not pursue his own business venture and join him in the GTB business.

49.    Defendant Pina stated that he and Mr. Colon would share in the profits and losses as equal partners with shared responsibility and authority over the operations of the business. In fact, the parties used the revenue from another business venture there operated as equal partners to fund the purchase of containers for the GTB business.

50.    Mr. Colon did in fact share in the profits and losses of the business from 2006 through 2023 though there were some amenities and compensation benefits in which Mr. Colon did not partake.

51.    Mr. Colon also exercised the authority of an equal partner in securing contracts and growing the business and its clientele.

52.    Mr. Colon also took on the majority of the responsibility of the business operations which he ran from the Dominican Republic from 2006 through 2023 in which he was responsible for logistics, finances and administration of GTB as well as the hiring, training and supervision of six employees.

53.    From 2006 through 2023, Mr. Colon believed he was and operated on this belief that he was an equal partner in the business in all aspects. In fact, Pina and Mr. Colon utilized their shared profits from the operation of GTB during those years to fund the purchase of additional containers for GTB to maintain and grow operations. Furthermore, contracts entered into by GTB with clients and/or vendors/suppliers were drafted and executed in the names of Pina and Mr. Colon.

54.    This continued through the initial contract with Rica for distribution of their products in the US through negotiations for the sale of a share of GTB with Rica. Throughout those interactions with Rica, Mr. Colon was directly involved and referenced as a partner of Pina until July 2023.

55.    After the parties were well into their negotiations with Rica for the sale of a majority interest in the business, Pina inexplicably began referring to Mr. Colon as a mere a "collaborator" and made statements to Rica and others that Mr. Colon was not an equal partner in the business and cut him out of the negotiations completely.

56.    Defendant Pina was aware of Mr. Colon's reliance in his statements to him in 2006 of being an equal partner in the business and sought to use Mr. Colon's business, finances, contacts, skills, and effort that Mr. Colon was his partner and not merely a collaborator.

57.    Since 2006 and until July 2023, Defendant Pina never made any effort to correct Mr. Colon or third-party partners, clients or others concerning Mr. Colon's titles, authority, responsibilities and/or his active role as an equal partner in the business.

58.    In fact, Defendant Pina stated to third parties interested in purchasing Defendant GTB – including Rica, which eventually purchased Defendant GTB – that Defendant Pina and Plaintiff were equal partners.

59.     At all times since 2006 through July 2023, when Defendant Pina was asked whether he and Plaintiff were business partners, Defendant Pina stated that they were.

60.     After July 2023, Defendant Pina referred to Mr. Colon as a mere "collaborator" and completely cut Mr. Colon off from business operations and refused to acknowledge Pina's statement and agreement from 2006 that Mr. Colon was and had been an equal partner in the business.

61.     On or about July of 2024, despite lengthy and detailed negotiations which began in October 2023, including the drafting of potential settlement documents, negotiations between Defendant Pina and Mr. Colon ceased and broke down due to the intervention of Martin Restituyo.

62.     Defendant Pina was aware of Mr. Colon's reliance and sought to use his business and finances, skills, and effort that Mr. Colon was his partner and not merely a collaborator.

63.     Defendant Pina never made any effort to correct Mr. Colon or third-party partners concerning Mr. Colon's titles and active role as his equal share partner.

64.     Defendant Pina stated to third parties interested in purchasing Defendant GTB – including Rica, which eventually purchased Defendant GTB – that Defendant Pina and Plaintiff were partners. When Defendant Pina was asked whether he and Plaintiff were business partners, Defendant Pina stated that they were.

65.     Rica relied on fraudulent representations by Defendant Pina when purchasing the ownership stake in Defendant GTB.

66.     As a direct and proximate result of Defendant's false statement that Mr. Colon was no longer an owner or partner, Mr. Colon suffered damages in the following particulars:

    a.  Cut out of the sale of Defendant GTB at sixty (60) percent of shares;

  b. Cut out of profit from the sale; and

  c. Restrictions on access to business accounts and operations.

  WHEREFORE, Defendants engaged in fraud by creating false statements Mr. Colon was no longer a partner at will from which Defendants benefited, and Mr. Colon reasonably relied on for seventeen (17) years where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits associated with said business. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>THIRD COUNT</u>
Negligent Misrepresentation

67. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

68. As Mr. Colon's business partner, Defendant Pina owed Mr. Colon a duty to impart complete and correct information concerning the nature of their relationship.

69. Defendant Pina misrepresented the nature of the seventeen (17) year relationship between himself and Mr. Colon as an equal share partnership. Specifically, Defendant Pina stated in numerous instances that Mr. Colon was his equal partner.

70. Defendant Pina made these misrepresentations not only to Mr. Colon, but also to third party partners (including Rica), affiliates, and/or Rica's concerning Mr. Colon's titles and active role as his equal share partner.

71. Defendant Pina's representation that Mr. Colon was no longer a partner created a materially false impression because Mr. Colon operated with reliance on the nature of

the relationship and subsequently conducted business and reinvested proceeds from new business ventures on behalf of Defendant GTB and the partnership relationship with Defendant Pina.

72.    Mr. Colon relied on Defendant Pina's misrepresentation that they were equal share partners.

73.    Mr. Colon's reliance on Defendant Pina's misrepresentation was both reasonable and justifiable for the following particulars:

    a.    Mr. Colon and Defendant Pina entered into verbal agreement in 2006 and shared equally in the losses and profits of Defendant GTB, seeking capital reinvestment opportunities, loans, and reinvesting their own proceeds from different joint ventures back into making Defendant GTB successful.

    b.    The perception of Mr. Colon's role within Defendant GTB as equal partner is held by Defendant Pina's business partners, employees, and related institutions (including Rica).

    c.    Mr. Colon worked with clients, contractors, vendors, distributors, suppliers, and logistic partners, and even assisted in the hiring of the financial consultant for both him and Defendants and never had his role as partner called into question.

74.    Mr. Colon had no reason to doubt the accuracy of Defendant Pina's representation about the nature of their relationship as business partners because they had been working together as such for the last seventeen (17) years and Defendant Pina never once challenged any mention of Mr. Colon's partnership nor any title he held within that capacity, including CFO, Administrative VP, General Manager, and Export

Manager.

75.    As a direct and proximate result of Defendant Pina's negligent misrepresentation of an equal share partnership between himself and Mr. Colon, Mr. Colon suffered damages in the following particulars:

    a.  Cut out of the sale of Defendant GTB at sixty (60) percent of shares;

    b.  Cut out of profit from the sale; and

    c.  Restrictions on access to business accounts and operations.

76.    Defendant Pina's negligent misrepresentation, inducing Mr. Colon's reliance on thereon, was the direct and proximate cause of Mr. Colon's loss, which he would not have sustained but for Defendant's misrepresentation.

WHEREFORE, Defendant Pina negligently misrepresented his intent towards Mr. Colon by creating a partnership at will by refusing to acknowledge the seventeen (17) year relationship where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits associated with said business. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

## FOURTH COUNT

### Unjust Enrichment

77.    Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

78.    Since 2006, Mr. Colon, at his own expense, has provided Defendant Pina with the benefit of support in both financial and administrative ways as his equal partner.

79.    This benefit has been expressed through Mr. Colon's titles and responsibilities to grow Defendant GTB as its CFO, Administrative VP, General Manager, and Export Manager, which resulted in endeavors including the registering of Defendant GTB in the Dominican Republic, the creation, implementation of other offshoot companies (like Pineapple), and the sale of Defendant GTB to Rica.

80.    Defendant Pina was enriched by virtue of Mr. Colon's financial contributions, services, knowledge, relationships, and expertise provided to Defendant Pina with the benefit of his efforts as his equal partner.

81.    Mr. Colon and Defendant Pina entered into a verbal agreement in 2006 to share equally in the losses and profits of Defendant GTB.

82.    Mr. Colon has only now been informed by Defendant Pina that the partnership was non-existent, according to Defendant Pina.

83.    Since the partnership's conception, Mr. Colon has shared in seeking capital reinvestment opportunities, acquiring loans for Defendant GTB, and reinvesting his proceeds from different joint ventures back into making Defendant GTB profitable.

84.    Mr. Colon formalized the registration of Defendant GTB in the Dominican Republic.

85.    Mr. Colon was involved in the direct negotiations with, and providing data and information to, the third party (Rica) which purchased a portion Defendant GTB.

86.    Mr. Colon was also involved in the selection and hiring of the financial consultant and

other business employees, contractors, and vendors.

87.     Defendant Pina was aware and had knowledge that Mr. Colon was not providing these benefits gratuitously and that Mr. Colon's actions as a partner have monetary value with the expectation of a financial return as a business partner.

88.     Mr. Colon has demanded that Defendant Pina make restitution to Mr. Colon for the services provided while acting in his role as equal share partner in Defendant GTB and Defendant Pina refuses to do so.

89.     Defendant Pina has accepted and retained the benefit of Mr. Colon's services while acting as an equal partner.

90.     Defendant Pina now falsely claims that Mr. Colon was merely a "business promoter" or "collaborator."

91.     As a direct and proximate result of Defendant Pina's unjust enrichment resulting from Mr. Colon's reliance on an equal share partnership between him and Defendant Pina, Mr. Colon suffered damages in the following particulars:

    a.   Cut out of the sale of Defendant GTB at sixty (60) percent of shares;

    b.   Cut out of profit from the sale; and

    c.   Restrictions on access to business accounts and operations.

WHEREFORE, Defendants were unjustly enriched as a result of the partnership at will by refusing to acknowledge the seventeen (17) year relationship where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits

associated with said business. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>FIFTH COUNT</u>

Breach of Fiduciary Duty

92.     Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

93.     At all relevant times, Defendant Pina had a fiduciary relationship with Mr. Colon. In the year 2006, Mr. Colon and Defendant Pina entered into a verbal agreement to partner, sharing equally in the profits and losses of Defendant GTB which they maintained over the next seventeen (17) years.

94.     Defendant Pina breached these duties by failing to acknowledge the seventeen (17) year, equal partnership relationship established by Mr. Colon and Defendant Pina.

95.     As a direct result of Defendant Pina's breach of these duties owed to Mr. Colon, Mr. Colon suffered damages by way of being cut out of the sale of Defendant GTB and the proceeds from the sale.

96.     As a direct result of Defendant Pina's breach of these duties owed to Mr. Colon, Mr. Colon is entitled to equitable relief that he understood he would be subject to in the Earn Out provision of the purchase agreement for Defendant GTB (with Rica).

97.     In equity and good conscience, Defendant Pina should be required to disgorge the

profits Defendant Pina may improperly receive from the sale.

98.    As a direct result of Defendant Pina's misconduct, Mr. Colon has suffered, and will
continue to suffer, irreparable harm.

99.    Defendant Pina's misconduct evinced such a high degree of moral culpability as to
warrant punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment on the Fifth Cause of Action for
breach of fiduciary duty against Defendants, Plaintiff demands that judgment be entered against
Defendants in an amount commensurate with the losses sustained by Plaintiff, including
compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and
any other relief deemed just and equitable be granted.

<u>SIXTH COUNT</u>
Constructive Trust

100.    Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs
as if fully set forth herein.

101.    Mr. Colon asserts that Defendant Pina breached his fiduciary duty to the constructive
trust when he denied the existence of the equal share partnership in the following
particulars:

a.    Defendant Pina and Mr. Colon created a fiduciary relationship by way of verbal
agreement in 2006.

b.    Mr. Colon and Defendant Pina agreed to share equally in the profits and losses of
Defendant GTB.

c.  Defendant Pina, upon the sale of Defendant GTB, no longer acknowledged Mr. Colon as a partner, but rather asserted he was a "business promoter" and "collaborator."

d.  The result of this rejection of their relationship as equal business partners resulted in an unjust enrichment for Defendant Pina with the sale of Defendant GTB and the proceeds from the sale.

102.  As a direct and proximate result of Defendant Pina's breach, Plaintiff suffered damages in the following particulars:

a.  Cut out of the sale of Defendant GTB at sixty (60) percent of shares;

b.  Cut out of profit from the sale; and

c.  Restrictions on access to business accounts and operations.

WHEREFORE, Plaintiff respectfully requests judgment on the Sixth Cause of Action for breach of fiduciary duty against Defendant Pina resulting in violating the constructive trust by refusing to acknowledge the seventeen (17) year relationship where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits associated with said business. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>SEVENTH COUNT</u>
Breach of Contract

103.   Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

104.   In 2006, Mr. Colon and Defendant Pina entered into a valid, enforceable, and binding contract to act as equal share partners in Defendant GTB.

105.   Mr. Colon agreed to act as partner, with responsibilities as Defendant GTB's CFO, Administrative VP, General Manager, and Export Manager in full consideration of this contract.

106.   In exchange for Mr. Colon's agreeing to act as Defendant GTB 's CFO, Administrative VP, General Manager, and Export Manager at various times during the relationship, Defendant Pina agreed to equally share in the profits and losses incurred with the venture Defendant GTB with Mr. Colon.

107.   Mr. Colon performed his duties under the contract.

108.   Mr. Colon has performed all conditions that Mr. Colon is required to perform under the contract.

109.   As a result of Defendant Pina's breaches set out above, Mr. Colon has sustained damages.

110.   The damages flow directly from and are the natural and probable consequence of Defendant Pina's breach.

111.   As a result of Defendant Pina's breaches set out above, Mr. Colon has sustained

consequential damages.

112.    The consequential damages sustained by Mr. Colon include but are not limited to:

    a.   Mr. Colon's business relationship with other business partners, employees, and related institutions to Defendant GTB.

    b.   Mr. Colon's business relationships with clients, contractors, vendors, distributors, supplies, and logistic partners, and even the financial consultant for both him and Defendants.

113.    The consequential damages were foreseeable and within the contemplation of the parties before or at the time the contract was made.

WHEREFORE, Plaintiff respectfully requests judgment on these Seventh Cause of Action for breach of contract against Defendants resulting in breaching the oral contract between himself and Mr. Colon by refusing to acknowledge the seventeen (17) year relationship where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits associated with said business. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>EIGHTH COUNT</u>
Accounting

114.    Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

20

115.    Mr. Colon is a fifty (50) percent shareholder in Defendant GTB, a close corporation with a principal place of business in New York.

116.    Defendant Pina is a fifty (50) percent shareholder in Defendant GTB.

117.    Defendant Pina possesses and maintains the financial books and records of Defendant GTB.

118.    Mr. Colon requires an accounting of Defendant GTB because there was a fiduciary relationship of equal partnership between Mr. Colon and Defendant Pina which Defendant Pina breached.

119.    Specifically, Defendant Pina breached his fiduciary duties by failing to acknowledge the seventeen (17) year, equal partnership relationship established by Mr. Colon and Defendant Pina in 2006.

120.    As a direct result of Defendant Pina's breach of these duties owed to Mr. Colon, Mr. Colon suffered damages by way of being cut out of the sale of Defendant GTB and the proceeds from the sale.

121.    Defendant Pina has refused Mr. Colon's demand that Defendant Pina provide an accounting.

122.    Mr. Colon has no adequate remedy at law because with Defendant Pina's breach of the partnership agreement, Mr. Colon will be cut out of the proceeds from the purchase agreement negotiated for the sale of Defendant GTB to Rica.

WHEREFORE, Plaintiff respectfully requests judgment on the Eighth Cause of Action for an accounting against Defendants, in the form of an order directing Defendants to perform a

full and accurate accounting of Defendant GTB's affairs since 2006 to the present, remit to

Plaintiff in an amount commensurate with the losses sustained by Plaintiff, including

compensatory and punitive damages; that interest, court costs and attorney's fees be awarded;

and any other relief deemed just and equitable be granted.

<u>NINTH COUNT</u>
Promissory Estoppel

123.    Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs
as if fully set forth herein.

124.    In 2006, Defendant Pina made oral unambiguous promises to Mr. Colon.

125.    Defendant Pina made promises to Mr. Colon to enter into a partnership and to share
equally in the profits and losses of Defendant GTB.

126.    Defendant Pina was in a position to fully perform, fulfill, and carry out the terms and
conditions of the promises made to Mr. Colon because Defendant Pina was also an
entrepreneur and together he and Mr. Colon built a business partnership to grow
Defendant GTB through various endeavors including loans and reinvested profits
generated by other joint ventures between Mr. Colon and Defendant Pina over the
following seventeen (17) years.

127.    It was foreseeable that Defendant Pina's promises would cause or induce Mr. Colon to
act in reasonable reliance on Defendant Pina's promises.

128.    Mr. Colon acted in accordance with all directives, instructions, and requisitions made
to him by Defendant Pina.

129.    In reliance on Defendant Pina's promises, Mr. Colon conducted business and reinvested proceeds from new business ventures on behalf of Defendant GTB, sharing in both the profits and losses incurred and acted as Defendant GTB's CFO, Administrative VP, General Manager and Export Manager at various times during the seventeen (17) year relationship.

130.    Defendant Pina refuses to acknowledge that Mr. Colon has operated under the promise that they have been equal partners in Defendant GTB and other joint ventures to sustain and grow the business. Defendant Pina now claims that Mr. Colon was merely a "business promoter" and "collaborator."

131.    As a result, Mr. Colon sustained actual and significant damages.

132.    Mr. Colon has been cut out the sale of Defendant GTB at sixty (60) percent of shares and cut out of profit from the sale through the Earn Out provision of the purchase agreement in the sale of Defendant GTB to Rica.

133.    As a result, Mr. Colon has sustained actual and significant unconscionable damages.

134.    As a result of Mr. Colon's reliance on Defendant Pina's promise, Mr. Colon agreed to act as partner, with responsibilities as Defendant GTB's CFO, Administrative VP, General Manager, and Export Manager in full consideration of this agreement.

135.    Mr. Colon acted as Defendant GTB's CFO, Administrative VP, General Manager, and Export Manager at various times during the relationship, including when registering Defendant GTB in the Dominican Republic and assisting in the negotiations for the sale of Defendant GTB to Rica. Based on this promise, Mr. Colon operated with the

understanding that he would receive his due compensation in the Earn Out provision of the purchase agreement for Defendant GTB by Rica.

136. The damages described above are beyond those which flow naturally from Defendant Pina's nonperformance of his promise or obligations to Mr. Colon.

137. Injustice can be avoided only by enforcing Defendant Pina's promise.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants on the Ninth Cause of Action for promissory estoppel, damages for Plaintiff in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>TENTH COUNT</u>
Conversion

138. Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

139. Mr. Colon asserts his possessory right to an equal partnership in Defendant GTB with Defendant Pina since 2006.

140. This was established when, in 2006, Mr. Colon and Defendant Pina entered into an agreement to share equally in the profits and losses as partners.

141. For the past seventeen (17) years, Mr. Colon has operated in this role as an equal partner, taking on various administrative responsibilities and titles to further the growth and overall success of Defendant GTB.

142.    Defendant Pina has exerted full dominion of Defendant GTB in breach of his fiduciary duties to Mr. Colon.

143.    Defendant Pina had dominion over Defendant GTB when he denounced Mr. Colon as an equal partner of Defendant GTB.

144.    Defendant Pina's actions proved his derogation of Mr. Colon's rights when after his refusal to acknowledge Mr. Colon as an equal partner in Defendant GTB, he referred to Mr. Colon as a "business promoter" and "collaborator."

145.    This action by Defendant Pina was to the exclusion of his previous admissions and acknowledgements of Mr. Colon as his partner.

WHEREFORE, Plaintiff respectfully requests judgment on the Tenth Cause of Action for conversion against Defendants in the form of an order directing Defendants resulting from the breach in Defendant Pina's promise to Mr. Colon as equal partners in Defendant GTB and refusing to acknowledge the seventeen (17) year relationship where Mr. Colon acted in a manner reasonable for an equal partner, sharing in the responsibilities, losses, and profits associated with said business, and compensating Plaintiff in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

<u>ELEVENTH COUNT</u>
Fraudulent Inducement

146.    Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

147. Defendant Pina promised that Mr. Colon was to be an equal partner. Specifically, Defendant Pina promised to equally share in the losses and profits for Defendant GTB.

148. Defendant Pina's promise that Mr. Colon would be an equal partner was materially false and misleading because Mr. Colon reasonably relied on this promise and acted in accordance with that reliance as a partner.

149. Defendant Pina's false promise about an equal partnership with Mr. Colon is distinct from Defendant Pina's representations under the party's oral contract because his actions and language affirmed the partnership. Defendant Pina would assert, confirm, and fail to clarify when given the opportunity with other business partners, clients, employees, vendors, contractors, distributors, and other related institutions that he and Mr. Colon were partners.

150. Defendant Pina knew this representation was false when he made it because he knew that Mr. Colon's effort as a partner would create a greater benefit to Defendant Pina since Mr. Colon believed he would also share in the equal profits of Defendant GTB being a successful business.

151. Defendant Pina deliberately made the false promise to induce Mr. Colon to enter into the oral contract.

152. Mr. Colon relied to his detriment on Defendant Pina's false promise by entering into the oral contract.

153. Mr. Colon had no reason to doubt the truthfulness of Defendant Pina's representation about being equal partners because they had been working together as such for the last

seventeen (17) years and Defendant Pina never once challenged as mention of Mr. Colon's partnership nor any title he held within that capacity, including CFO, Administrative VP, General Manager, and Export Manager.

154.    Mr. Colon had no reason to doubt the sincerity of Defendant Pina's promise to be an equal partner because they were both entrepreneurs who had several other joint ventures together and worked together for the last seventeen (17) years as partners.

155.    As a direct and proximate result of relying on Defendant Pina's false promise inducing Mr. Colon to enter into the verbal contract, Mr. Colon was damaged by his belief that as a partner he would share in the profits as well as the loss.

156.    Specifically, Mr. Colon was fraudulently induced to enter into a verbal contract for equal partnership due to Defendant's false promise, as a result Mr. Colon was damaged financially, being cut out of his Earn Out portion in the provision for the sale agreement of Defendant GTB (to Rica).

157.    As a result of Defendant's fraudulent inducement of the parties' contract, Mr. Colon is entitled to be awarded damages in an amount to be awarded at trial.

WHEREFORE, Plaintiff respectfully requests judgment on the Eleventh Cause of Action for fraudulent inducement. Whereby Plaintiff requests judgment for damages for Plaintiff in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

## TWELFTH COUNT
Negligence

158. Mr. Colon repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

159. As Mr. Colon's business partner, Defendant Pina owed Mr. Colon a fiduciary duty of care in providing information to Mr. Colon concerning the nature of the business relationship.

160. Defendant Pina misrepresented the nature of the seventeen (17) year relationship between himself and Mr. Colon as an equal partnership. Specifically, Defendant Pina stated in numerous instances with employees, other business partners, and others in the industry that Mr. Colon was his partner.

161. Defendant Pina breached this duty by failing to acknowledge the equal partnership relationship established by Mr. Colon and Defendant Pina and instead choosing not to acknowledge Mr. Colon as his partner of seventeen (17) years, reducing Mr. Colon's efforts and investments by referring to him as a mere "business promoter" and "collaborator."

162. As an actual and direct result of Defendant Pina's breach of this duty owed to Mr. Colon, Mr. Colon suffered damages by way of being cut out of the sale of Defendant GTB and the proceeds from the sale.

163. As an actual and direct result of Defendant Pina's breach of this duty owed to Mr. Colon, Mr. Colon is entitled to equitable relief he understood that he would be subject to in the Earn Out provision of the purchase agreement for Defendant GTB (by Rica).

WHEREFORE, Plaintiff respectfully requests judgment on the Twelfth Cause of Action for negligence. Whereby Plaintiff demands that judgment be entered against Defendants in an amount commensurate with the losses sustained by Plaintiff, including compensatory and punitive damages; that interest, court costs and attorney's fees be awarded; and any other relief deemed just and equitable be granted.

## JURY DEMAND

164.    Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Colon respectfully requests that this Court award him:

a.  A final judgment against Defendants for violation of the above stated counts;

b.  Compensatory damages;

c.  Punitive damages;

d.  Treble damages;

e.  Pre-judgment and post-judgment interest on the above damages;

f.  Attorney's fees, costs and litigation expenses; and

g.  Such other and further relief as the Court deems just and proper.


Dated:  New York, New York

July 31, 2024

Respectfully submitted,

By:      _____/s/ Evan Brustein_____
Evan Brustein
Mark Marino
Brustein Law PLLC
299 Broadway, 17th Floor
New York, New York 10007
(212) 233-3900
evan@brusteinlaw.com