

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 5543
MCOLON-BOSOLET@SIDLEY.COM

November 12, 2024

Plaintiff shall file a letter, not exceeding three pages, responding to this letter by November 15, 2024.

Date:  November 13, 2024
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

**Via ECF**

The Hon. Jennifer L. Rochon
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:   *Colon v. Piña et al.*, No. 24-cv-5381: Letter Motion for Stay of Discovery

Dear Judge Rochon:

We write on behalf of Defendants Lorenzo Piña and Global Trade Bridge Corp. ("GTB") to request a stay of discovery pending resolution of Defendants' Motion to Dismiss Plaintiff Antonio Eduardo Colón's First Amended Complaint ("FAC"). *See* Dkt. 22 ("MTD").

Plaintiff alleges that, in 2006, he and Defendant Piña entered an oral partnership agreement that gave Plaintiff a 50% stake in Defendant GTB, and that the Defendants breached this oral partnership agreement when Defendant Piña sold a majority equity position to a third party in Defendant GTB in 2024. Despite claiming to have been a partner in Defendant GTB for nearly two decades, Plaintiff cannot point to a single document memorializing or even reflecting this supposed partnership or his equity stake—and indeed, Plaintiff did not even first assert this supposed interest in the company until after he learned that another company was interested in buying an equity stake. And not only does Plaintiff fail to identify a written partnership agreement, but his FAC fails to identify virtually any of the essential terms of such an agreement. As explained in the Motion to Dismiss, Plaintiff's claims fail for multiple independent reasons, including that each and every claim is inadequately pleaded and the FAC fails to allege subject-matter jurisdiction, personal jurisdiction over Defendant Piña, or venue.

Defendants should not be subject to the burden and expense of discovery on such a flimsy complaint. Rule 26(c) gives the Court the discretion to stay discovery pending a ruling on a motion to dismiss in precisely this type of circumstance, where a pending motion to dismiss may prove dispositive of the case. *See, e.g., Press v. Primavera*, No. 1:21-cv-10871 (JLR), 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022); *Del Mar TIC I, LLC v. Bancorp Bank*, No. 1:23-cv-08999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024). In deciding whether to stay discovery pending a motion to dismiss, courts typically consider the following factors: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Press*, 2022 WL 17736916, at *1. Here, all three factors strongly favor staying discovery pending resolution of Defendants' Motion to Dismiss.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

### I. Defendants' Motion to Dismiss Sets Forth Substantial Grounds for Dismissal.

First, there is good cause for a stay because Defendants have presented substantial arguments that the FAC should be dismissed in its entirety. With respect to this factor, a "motion to dismiss cuts in favor of a stay" where the motion "is *potentially* dispositive and appears to be not *unfounded in the law*." *See Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (emphases added). In other words, for a stay to be warranted under this factor, the movant need not show a likelihood of success, but simply that "the viability of the Plaintiffs' claims is in at least some doubt." *Spinelli v. NFL*, 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

Defendants satisfy this standard. As discussed in the Motion to Dismiss, Plaintiff fails to state a claim for relief against Defendants. For example, the Motion to Dismiss demonstrates how Plaintiff's contract claims fail on multiple critical elements, including that the FAC fails to allege a mutual intention to form a partnership or any details about the supposed agreement to grant Plaintiff an equity stake in the company. *See* MTD 7–10. Plaintiff's non-contract claims fail as duplicative of his defective contract claim and are otherwise defective on their own terms. *See* MTD 10–21. Finally, Defendants anticipate that most of the discovery in this case will be directed at Defendant GTB, yet the FAC fails to allege any actions on the part of GTB that would give rise to liability. *See* MTD 21–22. Beyond these pleading deficiencies, Defendants' Motion to Dismiss raises serious questions going to this Court's subject-matter jurisdiction, personal jurisdiction over Defendant Piña, and venue. *See* MTD 6–7, 22–23. Courts in this District have recognized that a stay is warranted where the motion to dismiss raises a "colorable" challenge to the Court's jurisdiction. *Sharma v. Open Door NY Home Care Servs., Inc.*, No. 24-CV-497, 345 F.R.D. 565, 568 (E.D.N.Y. Mar. 26, 2024). That is because, in the absence of jurisdiction, the Court lacks authority to command Defendants to provide discovery. *Cf. LS Carlson L., PC v. Shain*, No. 22-2070-JWL, 2022 WL 1471368, at *2 (D. Kan. May 10, 2022) ("The Court's power to order discovery is circumscribed by its jurisdiction; where it has no jurisdiction, it has no power, and cannot order discovery.").

If the Motion to Dismiss is granted, it would dispose of Plaintiff's claims in their *entirety*. Further, even if the Court finds certain claims survive dismissal or can be repleaded, there is good reason to think that the Court will dismiss certain of Plaintiff's claims (thus narrowing discovery) or require Plaintiff to provide more specific allegations (thus providing Defendants and the Court with further guidance as to the proper scope of discovery). Accordingly, because Defendants' Motion to Dismiss is "potentially dispositive" and is well founded in the law, this factor weighs in favor of a stay. *See, e.g., Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (motion to dismiss supported stay where it contained "multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'").

### II. Discovery Will Likely Impose a Substantial Burden on Defendants.

The scope and burden of anticipated discovery further weighs in favor of a stay. While Plaintiff has not yet served discovery requests, the allegations in the FAC suggests that Plaintiff

# SIDLEY

Page 3

will likely request discovery spanning at least seventeen years. *See, e.g.*, FAC ¶¶ 33–34. Further, Plaintiff alleges twelve causes of action in the FAC, implying a substantial number of documents will be requested, including those related to GTB subsidiaries and contracts with third parties. *See, e.g.*, FAC ¶¶ 18, 19 (Plaintiff alleges he registered and formed subsidiaries in relation to the alleged partnership); FAC ¶ 53 (Plaintiff alleges GTB entered contracts "with clients and/or vendors/suppliers [that] were drafted and executed" in Plaintiff's name). And because Defendants conduct their business primarily in Spanish, discovery is likely to require substantial translation expense for Defendants' U.S.-based counsel to properly advise their clients.

GTB is a small business, without an in-house legal or information technology department. Engaging in such wide-ranging discovery would impose a significant burden and expense on GTB. Accordingly, this Court has good cause to grant a stay of discovery. *See, e.g.*, *HAHA Glob., Inc. v. Barclays*, 1:19-cv-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("[P]roceeding with discovery while the motion [to dismiss] is pending would waste the parties' resources and would constitute an undue burden on Defendant").

### III. Plaintiff Will Not Be Prejudiced by a Stay.

Finally, a slight delay in discovery, "particularly in light of the relatively short and active history" of this case will not significantly prejudice Plaintiff. *Del Mar TIC I, LLC*, 2024 WL 1348501, at *2 (finding a six-month period between commencement of lawsuit and filing of motion to stay discovery "relatively short"). "[A] delay in discovery, without more, does not amount to unfair prejudice." *Id*. The potential for prejudice is absent here since this matter is still in the early stages of litigation. *See*, *e.g.*, *Spinelli*, 2015 WL 7302266, at *2 (granting a stay of discovery because "[a]t this stage of the litigation, with the viability of the [] Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice"). In addition, Defendants have implemented a preservation of records, meaning there is no risk that relevant material will be lost while the stay is in place. A stay of discovery is therefore appropriate because it will not cause prejudice or unduly delay this case.

\*   \*   \*

Counsel for Defendants have met and conferred telephonically with counsel for the Plaintiff. Plaintiff does not consent to a stay pending a ruling on the Motion to Dismiss, but does consent to a stay of discovery pending the Court's ruling on this motion. Defendants respectfully requests that the Court stay discovery pending resolution of the Motion to Dismiss.

Respectfully submitted,

/s/ *Melissa Colón-Bosolet*
Melissa Colón-Bosolet

cc:   All counsel (via ECF)