**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
COLON,

Plaintiff,

-against-

DOE, *et al.*,

Defendants.
---------------------------------------------------------------X

**ORDER**

**24-CV-5381 (JLR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of the parties' letters at Dkt. No. 106 and 107 requesting clarification regarding Defendant's Interrogatory No. 5. During the September 24 discovery hearing, the Court did not rule on Defendants' request to compel Interrogatory No. 5 because the parties had reached an agreement during the conference. However, the parties now request Court intervention regarding the scope of the Interrogatory before Plaintiff provides a response.

Defendants' Interrogatory No. 5, in relevant part, requests that Plaintiff "[i]dentify all persons to whom [Plaintiff] contend[s] [Defendant] Lorenzo Piña identified [Plaintiff] as his partner, as alleged in Paragraph 62 of the Second Amended Complaint." Dkt. No. 85-1.

Further, the referenced Paragraph 62 of the Second Amended Complaint states that "Piña stated to third parties interested in purchasing Defendant GTB – including Rica, which eventually did purchase GTB – that Piña and Colon were partners." Dkt. No. 41 ¶ 62.

Defendants' position is that the Interrogatory "relates only to conversations where Plaintiff contends that Mr. Piña specifically identified him as a partner" and that a response should not include "persons [Plaintiff] speculates would have 'understood' him to be a partner of [Defendant Piña] based on implication, circumstances, conduct, or silence." Dkt. No. 106. Plaintiff's position is that his response should not be restricted to instances where Mr. Piña "used the exact word 'partner,'" particularly because many of these conversations occurred in Spanish. Dkt. No. 107.

The Court agrees with both parties, in part. Plaintiff's response to this Interrogatory should not be limited to instances where Defendant Piña specifically uses the word "partner." However, consistent with paragraph 62 of the amended complaint, Plaintiff's response should only include persons who Plaintiff contends Defendant Piña *explicitly* identified Plaintiff as his partner, co-owner, business partner, or any other equivalent term, whether in Spanish or English. To the extent there were people who may have speculated but were never explicitly told by Defendant Piña that Plaintiff was a business partner, they should not be included in Plaintiff's response to Interrogatory No. 5.

SO ORDERED.

DATED: New York, New York
October 8, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge